IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:20-cr-00474-IM |
| v. | **OPINION AND ORDER** |
| **KNEKO TYRAY MOORE**, | |
| Defendant. | |

Scott Erik Asphaug, Acting United States Attorney, Gary Y. Sussman, Jaclyn Jean Jenkins, and Leah K. Bolstad, Assistant United States Attorneys, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204. Attorneys for the United States.

Matthew A. Schindler, 501 Fourth Street #324, Lake Oswego, Oregon 97304. Attorney for Defendant.

**IMMERGUT, District Judge.**

The Government seeks to present evidence of gang-affiliated activity at the Lone Fir Cemetery in Portland, Oregon, on the night of Defendant's arrest. ECF 61 at 13–15. The Government is *not* seeking to elicit testimony or introduce evidence that Defendant is a member or associate of a gang. *Id*. at 14. Rather, the Government seeks to introduce evidence that certain

PAGE 1 – OPINION AND ORDER

individuals who gathered at the cemetery were members of or otherwise affiliated with the Rollin' 60's Crips gang, and that some of those individuals have prior felony convictions, including firearms convictions. *Id*. The Government further intends to elicit testimony that a former Rollin' 60's member, Patrick Kimmons, is buried at the cemetery,[1] and that when gang members congregate where others are buried, they are often armed because they are vulnerable to attack by rival gangs. *Id*.

The Government submits, through argument on the record during the Pretrial Conference and in briefing, ECF 67, that the gang-affiliation evidence is relevant and that its probative value is not substantially outweighed by any prejudicial effect. The Government first argues that the evidence is relevant to Defendant's motive: "[e]ven without naming [D]efendant as a gang member or associate, the fact that he was with gang members at such a gathering would provide him with a strong motive to arm himself." *Id*. at 2. Moreover, the Government argues that omitting evidence of gang-affiliated activity at the cemetery "would mean presenting an incomplete picture to the jury and excluding rationally perceived and probative details from their review." ECF 61 at 15.

Defendant argues, without briefing, that while he does not object to testimony that police officers recognized that certain attendees had prior firearms convictions or were known to arm themselves, Defendant opposes the use of the word "gang" or "Crips" because it is irrelevant to the elements of the crime charged and that it is unfairly prejudicial propensity evidence.[2]

---

[1] On the facts presented, this Court finds that eliciting the name of the deceased individual is irrelevant. This Court ORDERS parties not to refer to "Patrick Kimmons," with leave to notify the Court if there is some relevant purpose for referring to the deceased by name.

[2] Defendant requests that another word besides "gang" be used, such as "group." *See also* ECF 67 at 1 (noting Defendant's requested use of "guys" at the Pretrial Conference).

Moreover, as to the motive argument, Defendant argues that there is no evidence he knew that he was vulnerable to violence at the event and therefore he had no motive to possess a firearm. But Defendant also represents that a critical part of the defense, as this Court understands it, is that others attending the gathering possessed firearms, one of which—unbeknownst to Defendant—ended up in his vehicle.

## STANDARDS

Evidence of gang affiliation may be admissible in a criminal trial. Specifically, "the Supreme Court and the Ninth Circuit have held evidence of gang affiliation is admissible when it is relevant to a material issue in the case," such as when it is used to impeach for bias, show motive for the crime, or identify the defendant. *United States v. Hudson*, No. 05-CR-479-BR, 2006 WL 8442825, at *2 (D. Or. Sept. 13, 2006) (collecting cases); *see also United States v. Takahashi*, 205 F.3d 1161, 1164 (9th Cir. 2000) ("Evidence of gang affiliation is admissible when it is relevant to a material issue in the case."). The Ninth Circuit has affirmed the admission of gang affiliation evidence where it was "probative and necessary to flesh out the circumstance surrounding the crime." *United States v. Carlos*, 243 F. App'x 290, 291 (9th Cir. 2007) (unpublished); *see also United States v. Jones*, 346 F. App'x 253, 257 (9th Cir. 2009) (unpublished) ("The district court did not abuse its discretion by permitting limited gang testimony, as relevant to explain the genesis of the shoot-out that was inextricably intertwined with the van's stop[.]"). Such evidence has also been admitted to show motive. *See United States v. Santiago*, 46 F.3d 885, 889 (9th Cir. 1995), *United States v. Hudson*, 304 F. App'x 510, 511 (9th Cir. 2008). Improper purposes of such evidence, however, include use to prove a substantive element of the crime, culpability, or guilt by association. *United States v. Gomez*, 6 F.4th 992, 1006 (9th Cir. 2021) (collecting cases).

PAGE 3 – OPINION AND ORDER

The Supreme Court has explained that "[a]ssessing the probative value of [gang affiliation], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 and ultimately, if the evidence is admitted, for the trier of fact." *United States v. Abel*, 469 U.S. 45, 54 (1984); *see also Gomez*, 6 F.4th at 1006. The court may prevent undue prejudice through a limiting instruction. *See Takahashi*, 205 F.3d at 1165 ("[A] district court does not abuse its discretion in admitting relevant gang affiliation evidence when it takes steps to minimize any undue prejudice that could flow therefrom.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid 403.

## DISCUSSION

On the facts presented here, the Court finds that evidence of gang-affiliated activity is relevant. The evidence is highly probative of the nature of the gathering Defendant attended, his motive and the motives of at least some attendees to be armed, and explains the extent of the police response to the gathering.

Based on the record before this Court, the probative value of gang affiliation evidence is not substantially outweighed by the risk of unfair prejudice. As represented at the Pretrial Conference, a critical part of Defendant's own defense appears to be that another individual at the gathering possessed a firearm and put that firearm in Defendant's vehicle without Defendant's knowledge. Accordingly, Defendant does not object to evidence, and indeed expects

PAGE 4 – OPINION AND ORDER

testimony to be presented, that others at the cemetery were armed and had reason to be armed. Defendant does not object to referring to certain individuals at the cemetery as felons with prior firearms convictions or that police officers associated those individuals with firearms. What Defendant apparently objects to is simply calling the group a "gang." In this Court's view, any prejudicial effect of gang-affiliation evidence is significantly diminished by the crux of Defendant's own arguments. Moreover, efforts to sanitize the evidence to exclude reference to gang affiliation, risks confusing the jury, as it fails to explain why the group would be vulnerable to attacks by rival groups, and therefore fails to explain why members would arm themselves.

Finally, this Court finds that the evidence is admissible under Rule 404(b) and does not constitute improper character evidence. *See* Fed. R. Evid. 404(b). The evidence is not offered "to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character," but instead "for another purpose, such as proving motive." *Id*. The Court finds that on the facts presented here, the evidence of Defendant's attendance at a gathering, which included gang members, is probative of Defendant's motive to carry a firearm for protection, and is not improper character evidence. Therefore, the evidence of gang affiliation of participants at the Lone Fir Cemetery gathering "is relevant to a material issue," is not substantially outweighed by unfair prejudice, and is therefore, admissible. *Takahashi*, 205 F.3d 1164.

## CONCLUSION

For these reasons, the Court finds that the Government—and Defendant—may properly elicit testimony that some individuals the officers observed at the gathering are known affiliates of a Portland street gang, and that the officers know that gang affiliates tend to arm themselves for protection when taking part at large gatherings as they are vulnerable to attack by rival gangs. Further, the Government may elicit testimony that a former member of this Portland street gang

PAGE 5 – OPINION AND ORDER

is buried in the Lone Fir Cemetery, and that when gang members congregate at such burial sites, they often arm themselves dues to the likelihood of being attacked by members of a rival gang. *See* ECF 61 at 14. As the Government has agreed in its briefing and at the Pretrial Conference, the Government may not introduce testimony that Defendant is or was a gang member or associate, or permit the gang-affiliation evidence to become "the entire theme of the trial, so as to infect the trial with the threat of guilt[ ] by association." *Santiago*, 46 F.3d at 889 (internal quotation marks and citation omitted). This Court prohibits the use of the terms "Rollin' 60's Crips" or "Crips," as irrelevant and unduly prejudicial. The Court will consider any proposed limiting instructions submitted by either party. *See Abel*, 469 U.S. at 54–55 (noting district court prohibited references to Aryan Brotherhood and gave limiting instruction); *Takahashi*, 205 F.3d at 1165.

**IT IS SO ORDERED.**

DATED this 3rd day of December, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 6 – OPINION AND ORDER